WILLIAM H. CATLIN, Respondent, *v.* ALEMBERT POND et al., Appellants.

(Argued January 26, 1886 ; decided February 9, 1886.)

THIS was an action for false imprisonment.

Plaintiff was arrested upon an execution against the person, issued by defendants Pond & French, as attorneys for the other defendant. The execution was vacated as having been illegally issued.

The following is the *mem.* of opinion :

" The court charged the jury that there was no proof of malice justifying them in giving one cent beyond the actual damage sustained by the plaintiff; and that the evidence upon which they were to base their verdict was that the plaintiff was under arrest four hours under a mistaken claim of right, and what is a fair compensation for that. they were to give him and no more. That the right to compensation was made up of the loss of time and the insult and humiliation that was put upon him by the arrest. That is a part of the actual damage the plaintiff is entitled to, and must be fixed by the jury.

" The defendants excepted to that portion of the charge relating to the subject of insult and humiliation.

" The jury found for the plaintiff in the sum of $2,500 damages.

" Assuming that they had the right to award damages for the insult and humiliation to which the plaintiff was subjected, it was still their exclusive right and province to determine whether the plaintiff had or had not suffered these injuries. It seems to us that the charge of the court is fairly subject to the criticism that it asserted in unqualified and imperative terms the existence of these elements of damages and quite imperatively required the jury to make an assessment upon that account.

" The question of fact as to whether there was such insult and humiliation or not was practically withdrawn from the consideration of the jury and determined by the court. Under this charge it was quite possible that they supposed they were not at liberty to find that insult and humiliation did not exist, and yet, upon the evidence in the case, it seems to us that they might properly have determined that question either way without justifiable censure.

" We think, not only that the charge was liable to be misconstrued by the jury, but that the amount of the verdict ren-

ders it quite probable that they were misled in this respect by the charge.

"The opinion of the learned judge writing at General Term seems to indicate that the court were of opinion that the damages awarded by the jury were excessive, but for some unexplained reason they still affirmed the judgment.

"Although we might be of the opinion that the General Term erred in refusing to grant a new trial upon the ground of excessive damages, we are not at liberty to review the order affirming the judgment for that reason ; but in seeking the cause for a result which seems so inconsistent with the circumstances and justice of the case, we cannot overlook the disapprobation of the verdict expressed in the opinion below.

"The judgment should, therefore, be reversed and a new trial ordered, costs to abide event."

*Samuel Hand* and *Edgar T. Brackett* for appellants.

*Marshall P. Stafford* for respondent.

*Per Curiam mem.* for reversal and new trial.
All concur.
Judgment reversed.